IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTONE A. HOLMES,                   )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     1:14CV418
                                    )
SGT WILLIS RICHARD BRYANT, et al.,  )
                                    )
            Defendant(s).           )

MEMORANDUM OPINION, ORDER,
AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Antone A. Holmes, submitted a pro se Complaint [Doc. #2] under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names four Salisbury, North Carolina, police officers and two Rowan County, North Carolina, Magistrates as Defendants. (Complaint, § IV(B).) The Complaint alleges that the officers investigated a shooting incident, and that following the investigation one of the Defendants obtained an arrest warrant for Plaintiff for possession of a firearm by a felon and Defendant Shulenburger obtained an arrest warrant for Plaintiff for assault with a deadly weapon on a government official. (Id., § V.) The Magistrates named as Defendants issued those warrants. (Id.) Plaintiff raises several points contesting the evidence gathered by the officers and claims that the warrants and, therefore, his arrests were improper in light of the evidence. He seeks the dismissal of the charges against him, an investigation of the officers

and Rowan County, and $10,000 from each of the Defendants in both their individual and official capacities. (Id., § IV.)

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" his new claims. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] The Court may also anticipate affirmative

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent
(continued...)

defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

In addition, dismissal is appropriate under 28 U.S.C. § 1915A(b)(2) in situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and seeks damages from defendants who are immune from such relief.

In undertaking this review, the Court initially notes that two of Plaintiff's three requests for relief are improper. He first seeks the dismissal of his state court criminal charges, but § 1983 is not the proper vehicle for attacking pending criminal charges in state

---

[1](...continued)
standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

court. Instead, Plaintiff would have to proceed, if at all, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. However, Plaintiff should be aware that it is not ordinarily proper for this Court to intervene in ongoing state criminal proceedings. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Plaintiff does not make such a showing here. Instead, he raises the types of issues that typically can be raised during a state criminal proceeding. Unless Plaintiff can meet the requirements set out above, he should litigate the issues he raises in his state court criminal case.

Plaintiff also seeks an investigation of the Defendant officers and Rowan County. However, the Court does not conduct investigations, and investigations are not an obtainable form of relief in a civil lawsuit.

To the extent Plaintiff has asserted a claim for damages, two Defendants in the case are immune from damages. Plaintiff names two state Magistrates, R.T. Wyrick and L.A. Stone, as Defendants because they issued warrants in his case. However, judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Therefore, Defendants Wyrick and Stone are immune from Plaintiff's request for damages and his claims against them should be dismissed.

Plaintiff's remaining claims are against four Salisbury police officers, Willis Richard Bryant, A. L. Bouk, J. N. Wilson, and T. B. Shulenburger. Plaintiff does not identify the

exact nature of his claims, but the claims appear to be for false arrest or false imprisonment. Claims of false arrest or imprisonment constitute common law torts, the elements of which are used to define a claim under § 1983 based on the Fourth Amendment to the United States Constitution. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). However, the facts Plaintiff alleges do not support such claims. "In Brooks v. City of Winston–Salem, 85 F.3d 178 (4th Cir.1996), [the United States Court of Appeals for the Fourth Circuit] held that a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant. At most, such an official can be pursued through a cause of action for malicious prosecution." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). Here, the Complaint makes it clear that Plaintiff's arrest occurred pursuant to warrants for possession of a firearm by a felon and assault with a deadly weapon on a government official. Therefore, his claim must be one for malicious prosecution, rather than false arrest or imprisonment. A malicious prosecution claim requires that a plaintiff "allege and prove a termination of the criminal proceedings favorable to [the plaintiff]." Brooks, 85 F.3d at 183. Plaintiff does not allege any favorable termination of the charges against him and, in fact, seeks dismissal of the still pending charges as relief. Plaintiff thus does not state any claim for malicious prosecution.

Construing Plaintiff's claims in the light most favorable to him, he may also be alleging that the warrants for his arrest were not facially valid or that officers did not use good faith or believe when procuring the warrant that probable cause existed to charge Plaintiff with possession of a firearm by a felon and assault with a deadly weapon on a

government official. If so, this attempt to state a claim is foreclosed by Plaintiff's own allegations.

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Porterfield, 156 F. 3d at 569 (quoting Michigan v. DeFillippo, 443 U.S. 31, 37(1979)). Probable cause "'is an objective standard of probability that reasonable and prudent persons apply in everyday life' and that "requires more than 'bare suspicion' but requires less than evidence necessary to convict." Id. (quoting United States v. Gray, 137 F.3d 765, 769 (4th Cir.1998)).

Plaintiff alleges in the factual portion of his Complaint (§ V) that the police officer Defendants investigated an incident in which someone allegedly fired a handgun at an officer from the yard of a residence as the officer attempted to make a traffic stop. The officers searched the residence and premises and located a black handgun with a brown handle in the backyard. Two witnesses spoke to the police and reported that Plaintiff was present when the shots were fired and that he possessed a gun similar to the one found in the yard. However, both said they did not see him actually fire the shots. Based on this information, one of the Defendants, possibly Defendant Bryant, went to Defendant Wyrick and obtained a warrant for Plaintiff's arrest on the felon in possession charge.[2] Later, Defendant

---

[2] Plaintiff does not allege that he has prior felony convictions in his Complaint, but the records of the North Carolina Department of Public Safety indicate that "Antone A. Holmes" has a lengthy felony record that includes
(continued...)

Shulenburger interviewed a third witness who previously stated that she did not see the shooting. Plaintiff alleges that Shulenberger told the witness that he did not believe her, that this was a serious crime, and that she needed to tell the truth. She then stated that she did see the shooting and that Plaintiff fired the shots. Shulenberger used her statement to obtain the assault warrant from Defendant Stone.

Looking at the totality of the circumstances described in the information presented by Plaintiff, the officers had probable cause to seek the arrest warrants against Plaintiff for possession of a firearm by a felon and assault with a deadly weapon on a government official. Plaintiff has a lengthy felony record and multiple witnesses viewed him in possession of a handgun on the night in question. A handgun similar to the one they described was also recovered. Multiple witnesses reported that he was present at the time of the shooting and one identified him as the shooter. All of this provides probable cause for his arrest. Plaintiff points out that no fingerprints or DNA were recovered from the gun, states that witnesses had motives to lie or changed their stories, and argues that Shulenburger pressured the witness to implicate him in the shooting. These are all points that can be pursued during Plaintiff's criminal defense in state court. However, they do not negate the existence of probable cause. This conclusion does not imply that Plaintiff will ultimately be convicted, only that information existed to establish more than a "bare suspicion" for the charges against Plaintiff.

---

[2](...continued)
multiple felony convictions. See http://www.doc.state.nc.us/offenders (search for "Antone A. Holmes" last completed June 13, 2014).

He does not state any claim for relief based on false arrest, false imprisonment, or malicious prosecution. Therefore, his Complaint should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be approved, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $4.50.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $4.50.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of July, 2014, and thereafter each time that the amount in the account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS RECOMMENDED that the Complaint [Doc. #2] be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and seeks damages from defendants who are immune from such relief.

This, the 19th day of June, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge